UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HAROUT BAGDASARYAN, )<br>MASIS BAGDASARYAN, )<br> )<br>Plaintiffs, )<br>v. )<br>CITY OF LOS ANGELES and )<br>DOES 1-10, )<br> )<br>Defendants. )<br>_____ ) | Case No. CV 15-1008-JLS (KES)<br><br>ORDER ACCEPTING<br>FINDINGS, CONCLUSIONS,<br>AND RECOMMENDATIONS<br>OF UNITED STATES JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation were filed by Plaintiffs. Defendant filed a Response to Plaintiffs Objections. Further, the Court has engaged in de novo review of those portions of the Report to which Plaintiffs objected. The Court hereby approves and accepts the findings, conclusions and recommendations of the United States Magistrate Judge.

IT THEREFORE IS ORDERED that the Second Amended Complaint is dismissed, with leave to amend limited as follows:

The following claims are ***dismissed with prejudice and without leave to amend***:

    (1)    Facial challenges to the constitutionality of Ordinance 181033;

    (2)    42 U.S.C. § 1983 claims (including "<u>Monell</u> claims") against the City;

    (3)    42 U.S.C. § 1983 claims against any individual defendants arising out of the 2011 inspections at 6908 Shadygrove Street;

    (4)    RICO and RICO conspiracy claims against the City;

    (5)    Punitive damage claims against the City;

    (6)    Elder abuse claims by Harout Bagdasaryan.

All of Plaintiffs' remaining claims are ***dismissed with leave to amend***, subject to the following limitations:

    (1)    RICO and RICO conspiracy claims may be re-pleaded only against individual defendants;

    (2)    42 U.S.C. § 1983 claims may be re-pleaded only against individual defendants;

    (3)    Substantive Due Process claims against the City to recover fees paid or invalidate pending invoices may be re-pleaded limited to Plaintiffs' allegations that City inspectors demanded payment of fabricated invoices;

    (4)    Procedural Due Process claims against the City to recover fees paid or invalidate pending invoices may be re-pleaded limited to Plaintiffs' allegations that they were billed for late charges that accrued during months when Plaintiffs lacked notice that their tenant had failed to pay;

    (5)    Plaintiffs shall allege sufficient facts to establish their standing to assert all claims they allege.

2

1    If Plaintiffs wish to pursue the above-noted claims, Plaintiffs' Third

2  Amended Complaint shall be limited as described above and shall be due within

3  30 days from the date of entry of this Order.[1]

4

5    Dated: October 30, 2015

6                                                    _____

7                                                    JOSEPHINE L. STATON
                                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18    _____

19    [1] The Third Amended Complaint should bear the docket number assigned

20  in this case, be labeled "Third Amended Complaint," and be complete in and of

21  itself without reference to the original Complaint, the FAC, the SAC or any

22  other pleading or documents, other than those attached to it as exhibits.

23  Plaintiffs may serve the Third Amended Complaint on the City by serving its

24  counsel of record.  If Plaintiffs elect to pursue claims against Inspector Jakeman,

25  Plaintiffs will need to serve the Third Amended Complaint on him in a manner

26  that satisfies Federal Rule of Civil Procedure 4 and then file a proof of service

27  declaration.

28